IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DONALD ROBERT MARR, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:07-CV-543-Y |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

## I. FINDINGS AND CONCLUSIONS

### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

### B. PARTIES

Petitioner Donald Robert Marr, TDCJ-ID #635696, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Snyder, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ). No service has issued upon Respondent.

### C. FACTUAL AND PROCEDURAL HISTORY

By way of this petition, Marr challenges his 1967 conviction for burglary in cause number

73430 in the Criminal District Court Number Two of Tarrant County, Texas, for which he received a three-year sentence. (Petition at 2.) Marr alleges the 1967 conviction was used to enhance his current sentence for an unrelated offense. Telephonic communication with the TDCJ confirms that Marr has fully discharged his three-year sentence.

## D. SUBJECT MATTER JURISDICTION

Under Rule 4 of the Rules Governing Section 2254 Cases, if it plainly appears from the petition that the petitioner is not entitled to relief in the district court, the court must summarily dismiss the petition without ordering a responsive pleading. Generally, for this court to have subject matter jurisdiction over a claim under § 2254, the petitioner must be "in custody" pursuant to the underlying conviction the subject of the proceeding. *See* 28 U.S.C. § 2254(a); *Lackawanna County Dist. Att'y v. Coss*, 532 U.S. 394, 394 (2001); *Maleng v. Cook*, 490 U.S. 488, 492 (1989). Marr's sentence for the 1967 conviction fully expired years ago, decades before the instant petition was filed. A § 2254 habeas petitioner whose sentence has expired is no longer "in custody" on that conviction, even if it was used to enhance his current sentence. *See Maleng*, 490 U.S. at 492-93; *Pleasant v. Texas*, 134 F.3d 1256, 1257-58 (5th Cir. 1998).

## II. RECOMMENDATION

Because Marr does not meet the "in custody" requirement of § 2254(a), the court has no jurisdiction to entertain his claims and his petition for writ of habeas corpus should be dismissed for lack of subject matter jurisdiction.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until October 5, 2007. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until October 5, 2007, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED September 14, 2007.

                                                  /s/ Charles Bleil  
                                                  CHARLES BLEIL  
                                                  UNITED STATES MAGISTRATE JUDGE